[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14135

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEITH DAWAYNE PURYEAR,
a.k.a. Keith Dwayne Puryear,
a.k.a. Keith Dewayne Puryear,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00015-AW-GRJ-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Keith Puryear was convicted of possessing a firearm and ammunition as a convicted felon and was sentenced to 216 months' imprisonment based on the Armed Career Criminal Act's sentencing enhancement. *See* 18 U.S.C. §§ 922(g), 924(e). On appeal, Puryear argues that he does not have three prior qualifying felonies justifying an enhanced sentence under the ACCA. Because our case law forecloses Puryear's arguments, we affirm.

## I.

We review *de novo* whether a prior state conviction qualifies as a serious drug offense under the ACCA. *United States v. Jackson*, 55 F.4th 846, 849–50 (11th Cir. 2022) ("*Jackson II*"), *cert. granted*, 143 S. Ct. 2457 (2023), and *aff'd sub nom. Brown v. United States*, 144 S. Ct. 1195 (2024).

## II.

Puryear presents two arguments on appeal. First, he argues that if the Supreme Court overturns our decision in *Jackson II*, he will no longer have three qualifying felony convictions under the ACCA. Second, and in the alternative, he argues that his Florida convictions for selling cocaine are not "serious drug offenses" under the ACCA because the conduct proscribed by the state statute does not categorically require one of the types of conduct

proscribed by the federal statute. We will address both arguments in turn.

### A.

The ACCA requires a mandatory-minimum sentence of fifteen years for a section 922(g) conviction if the defendant has three prior convictions for violent felonies or serious drug offenses committed on different occasions from one another. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." *Id.* § 924(e)(2)(A)(ii). Section 102 of the Controlled Substances Act defines a "controlled substance" as any substance on the federal-controlled substances schedules. *See* 21 U.S.C. §§ 802(6), 812.

At sentencing, Puryear objected to the ACCA enhancement, arguing that his Florida cocaine convictions did not qualify as serious drug offenses under the ACCA according to our reasoning in *United States v. Jackson*, 36 F.4th 1294 ("*Jackson I*"), *vacated*, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), and *superseded*, 55 F.4th 846 (11th Cir. 2022). In that decision, we held that certain Florida statutes criminalizing conduct relating to cocaine were not serious drug offenses under the ACCA. At the time of Jackson's state convictions, both the Florida and federal definitions of cocaine included the cocaine derivative ioflupane. But at the time of Jackson's federal conviction, the federal definition no longer

included ioflupane. We had to decide which version of the federal controlled substances schedule applied to the ACCA definition of "serious drug offense"—the schedule in effect at the time of the defendant's prior state conviction or the schedule in effect at the time of the federal offense. In *Jackson I*, we concluded the latter. Because the schedules did not cover the cocaine derivative ioflupane at the time Jackson committed his federal crime, we concluded that his state conviction was not a predicate offense. *Id.* at 1306.

We vacated *Jackson I* before Puryear's sentencing hearing. At the hearing, Puryear acknowledged that our opinion in *Jackson I* had been vacated, but he argued that if it was reinstated and applied retroactively, he would qualify for relief from any ACCA-enhanced sentence the district court might impose. We reversed course in *Jackson II*, holding that the "ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-substances schedules in effect when the defendant was convicted of the prior state drug offense." *Jackson II*, 55 F.4th at 854. After the Supreme Court granted *certiorari* to review *Jackson II*, we granted Puryear's motion to stay this appeal pending the Supreme Court's decision.

In a consolidated case, the Supreme Court affirmed our decision in *Jackson II*, holding "that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *Brown v. United States*, 144 S. Ct. 1195, 1210 (2024). Applying that holding to Puryear's Florida cocaine convictions, we conclude that his state convictions are not

overbroad because, at the time of those convictions, both federal and Florida law defined cocaine to include ioflupane. Accordingly, we reject Puryear's first argument because it has been foreclosed by the Supreme Court's decision in *Brown*.

### B.

Puryear next contends that his Florida distribution convictions are not predicate offenses under the ACCA because the conduct proscribed by the state statute—the sale or delivery of cocaine—includes attempted distribution, whereas the federal statute does not. Citing the Supreme Court's decision in *Shular v. United States*, 589 U.S. 154 (2020), Puryear argues that the bounds of the state statute do not match the bounds of the federal statute in section 924(e)(2)(A)(ii), rendering the state law overbroad.

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *Jackson II*, 55 F.4th at 850. "Under this approach, a state conviction cannot serve as an ACCA predicate offense if the state law under which the conviction occurred is categorically broader—that is, if it punishes more conduct—than ACCA's definition of a 'serious drug offense.'" *Id.*

Florida law prohibits a person from selling or possessing with intent to sell, manufacture, or deliver cocaine. Fla. Stat. Ann. §§ 893.13(1)(a)(1), 893.03(2)(a). In *United States v. Penn*, we considered the argument that a conviction under section 893.13(1)(a) is not a predicate offense under the ACCA because it is categorically broader than the federal definition of "serious drug offense" in

section 924(e)(2)(A)(ii). 63 F.4th 1305, 1309 (11th Cir. 2023). The defendant specifically argued that the least culpable conduct proscribed by section 893.13(1)(a) at the time of his conviction was "the 'attempted transfer' of a controlled substance for value." *Id.* at 1311. We agreed with that argument, but we also concluded that the federal definition of "serious drug offense" in section 924(e)(2)(A)(ii) included "attempted transfer" within the meaning of "distributing." *Id.* at 1311–12. Additionally, we rejected the defendant's argument that *Shular* required the opposite conclusion, explaining that "[b]ecause 'distributing' means attempting to transfer drugs, Florida law's proscription of attempted transfers *is a proscription of distribution itself*," and so *Shular* had "no bearing on" the outcome. *Id.* at 1316. We concluded that convictions under section 893.13(1)(a) were serious drug offenses under the ACCA. *Id.* at 1317. The Supreme Court denied a petition for writ of *certiorari* to review our decision. *See Penn v. United States*, 144 S. Ct. 398 (2023).

Like his first argument, Puryear's second argument is foreclosed by precedent. In light of *Brown* and *Penn*, we conclude that the district court did not err in imposing an enhanced sentence under the ACCA.

**III.**

**AFFIRMED.**